IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN BALL,** | : | **CIVIL NO. 1:11-CV-1265** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Kane)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **C.O. STRUTHERS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## **MEMORANDUM OPINION AND ORDER**

### I.   **Statement of Facts and of the Case**

This case is a civil rights action filed by Dawn Ball, a state prisoner, who alleges that her constitutional rights were violated by eight prison officials while she housed at the State Correctional Institution (SCI) Muncy.

Presently before the Court are two discovery motions filed by the plaintiff seeking the issuance of subpoenas *duces tecum* (Doc. 22), and leave of court to conduct numerous oral depositions. (Doc. 20)  On October 4, 2011, this matter was referred to the undersigned for pre-trial management. (Doc. 23)  Upon our review of these motions, for the reasons set forth below, in the exercise of our discretion over these discovery matters, we will deny the various discovery motions filed by Ball, without prejudice to renewal of these motions, as needed, once a comprehensive case management order has been entered in this matter.

## II. <u>Discussion</u>

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, the scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. <u>Wisniewski v. Johns-Manville Corp.</u>, 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching

discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which

is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009).

Another immutable rule defines the court's discretion when ruling on motions to compel discovery. It is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009).

Further, we note that nothing in 28 U.S.C. § 1915 authorizes federal courts to finance or pay for a party's discovery expenses incurred while prosecuting a lawsuit, even if that party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  Review of the case law reveals that numerous courts have recognized the limitations of federal courts to relieve indigent litigants from the costs of pre-trial discovery.  See, e.g., Brooks v. Quinn, 257 F.R.D. 515, 417 (D. Del. 2009) ("Although plaintiff is proceeding in forma pauperis, the court has no authority to finance or pay for a party's discovery expenses. . . . It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); Augustin v. New Century TRS Holding, Inc., No. 08-326, 2008 U.S. Dist. LEXIS 96236, at *7-9 (W.D. Pa. Nov. 25, 2008) (denying plaintiff's IFP application to cover costs for discovery requests); Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); Toliver v. Community Action Comm'n to Help the Econ., 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for IFP plaintiff); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (concluding that 28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); Ebenhart v. Power, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether [28 U.S.C. § 1915] authorizes this court to order the appropriation of

Government funds in civil suits to aid private litigants in conducting pre-trial discovery."); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). Thus, as a general rule, the Court lacks the lawful authority to help finance, or relieve plaintiff from, the costs associated with taking pre-trial discovery.

Finally, we note that this broad discretion over discovery matters extends to decisions under Rule 26(c) relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992). One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F. App'x 126,

136 (3d Cir. 2005); <u>Nolan v. U.S. Dep't of Justice</u>, 973 F.2d 843,849 (10th Cir. 1992); <u>Johnson v. New York Univ. Sch. of Ed.</u>, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court. In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " <u>In re Currency Conversion Fee Antitrust Litigation</u>, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (<u>quoting</u> <u>Chrysler Capital Corp. v. Century Power Corp.</u>, 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (<u>citing Flores v. Southern Peru Copper Corp.</u>, 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); <u>Anti-Monopoly, Inc. v. Hasbro, Inc.</u>, 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

<u>Johnson v. New York Univ. School of Educ.</u>, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets we conclude that Ball's various discovery motions should be denied at this time. We regard these motions as premature and inappropriate at this juncture since no comprehensive case management schedule and discovery schedule has been entered in this case.

At the outset, to the extent that Ball seeks an order from this Court directing the defendants to finance the costs of depositions, it is clear that she is not entitled to this relief. Quite the contrary, numerous courts have held that federal courts may not relieve indigent litigants from the costs of pre-trial discovery, or shift those costs upon other parties. See, e.g., Brooks v. Quinn, 257 F.R.D. 515, 417 (D. Del. 2009); Augustin v. New Century TRS Holding, Inc., No. 08-326, 2008 U.S. Dist. LEXIS 96236, at *7-9 (W.D. Pa. Nov. 25, 2008); Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). Therefore, this request will be denied.

Further, Ball's motion for authorization to conduct oral depositions of the defendants pursuant to Rule 30 of the Federal Rules of Civil Procedure fails for yet another reason. Under Rule 30, rulings on inmate requests to conduct oral depositions rest in the sound discretion of the court. That discretion, though, is bounded by a basic recognition of the security and logistical difficulties that such depositions present. McKeithan v. Jones, 212 F.App'x 129 (3d Cir. 2007). In light of these logistical and security concerns, it is often preferable for inmates to seek

discovery through timely written depositions pursuant to Rule 31 of the Federal Rules of Civil Procedure, a course which Ball has not followed in this case. Given these alternative means of obtaining discovery, and the obvious security and logistical concerns presented by inmate oral depositions, we hold that the proper exercise of discretion in this field would be to deny this inmate request for an order compelling oral depositions, in favor of Rule 31 depositions through written questions. McKeithan v. Jones, 212 F.App'x 129 (3d Cir. 2007).

In addition, to the extent that Ball seeks subpoenas at the outset of this litigation, we note that decisions regarding whether to issue subpoenas to *pro se* litigants rest in the sound discretion of the court. Gay v. Petsock, 917 F.2d 768, 772 (3d Cir. 1990). In this case, Ball seeks subpoenas to obtain access to information which can be obtained through conventional discovery requests, once a comprehensive case management order is entered in this case. Therefore, rather than issue these subpoenas, which may well entail collateral litigation of motions to quash, we believe that the parties should in the first instance pursue convention discovery disclosures from one another.[1] In this regard, we will, by separate order, set a comprehensive case

---

[1] Finally, in the event that the defendants file potentially dispositive motions in this case, it may be that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have

management schedule for this litigation.

An appropriate order follows:

### III.     Order

Accordingly, for the foregoing reasons, the plaintiff's motions for subpoenas and for oral depositions (Docs. 20 and 22), are DENIED, without prejudice to the parties pursuing appropriate discovery.

So ordered this 13th day of October, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

---

substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).