# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAWN BALL,** : | Civil No. 1:11-CV-1265 |
| **Plaintiff** : | |
| v. : | |
| : | (Magistrate Judge Carlson) |
| **C.O. STRUTHERS, et al.,** : | |
| **Defendants** : | |

## MEMORANDUM ORDER

In this action, the Plaintiff, Dawn Ball, a state inmate, housed at the State Correctional Institution, Muncy, has sued 8 individuals employed by the Department of Corrections, alleging that she was wrongfully denied feminine hygiene products by the Defendants from June 26 through June 29, 2011. (Doc. 1)

This case now comes before the Court for resolution of a discovery dispute. Specifically, Ball filed a motion to compel production of wide-ranging material, which included the complete work histories of the Defendants, ostensibly to determine whether in the past they have done anything like what she alleges in this litigation. On March 12, 2012, we entered an order which, in part, stated that to the extent Ball sought to engage in a wholesale review of the personnel files of the Defendants to determine whether they have engaged in similar alleged misconduct, we would deny that request since Defendants and witnesses do not forfeit their

personal privacy in personnel records when they are sued. Harris v. Harley-Davidson Motor Co. Operations, Inc., No. 09-1449, 2010 WL 4683776, *5 (M.D.Pa. Nov. 10, 2010), Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D. Pa. 1994)("personnel files are confidential and discovery should be limited.").

However, to the extent that Ball alleged that she sought disciplinary documents relating to other similar alleged episodes of prisoner abuse we found that in the past courts have reconciled the interests of inmate-plaintiffs and corrections officials by rejecting broadly framed requests for access to prison records, see Paluch v. Dawson, No. 06-1751, 2007 WL 4375937, *4-5 (M.D. Pa. Dec. 12, 2007), while conducting an *in camera* review of those records which may be relevant to more narrowly tailored discovery demands. Paluch v. Dawson, No. 06-175, 2008 WL 2785638, *3 (M.D. Pa. July 17, 2008). We then directed the Defendants to provide to the Court for its *in camera* inspection any responsive personnel discipline records, citing the Defendants for acts similar to those alleged here. Armed with this information the Court could then determine: (1) whether this information is relevant to the issues raised in this case; (2) whether it is subject to any valid claim of privilege recognized by the Federal Rules; and (3) to what extent, in what format, and under what conditions it may be released to the Plaintiff.

The Defendants have complied with this request and we have reviewed their *in camera* submission which discloses that there has been no discipline of any of the Defendants, with one exception, a reprimand of one staff member who is alleged to have permitted an inmate to be briefly unrestrained under circumstances where prison policy called for the application of physical restraints. Because this isolated citation for undue leniency is not relevant to the issues raised in this litigation, we will, therefore, DENY Ball's remaining request to compel production of this information.

So ordered this 30th day of March 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge