# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAWN BALL,** : | Civil No. 1:11-CV-1265 |
| : | |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | **(Magistrate Judge Carlson)** |
| **C.O.STRUTHERS, et al.,** : | |
| : | |
| **Defendants** : | |

## MEMORANDUM OPINION AND ORDER

### I.   Statement of Facts and of the Case

The current motion to compel, (Doc. 84), filed by the Plaintiff, Dawn Ball, presents yet another striking example of the extraordinary level of acrimony which seems to enshroud the Plaintiff in her daily activities. In this case, Ball seeks to compel wide-ranging discovery from the Defendants, relying upon our prior March 12, 2012 discovery order, which *denied* a motion to compel this discovery filed by Ball. Ball then demands that we personally supervise her review of discovery material, reciting that her prior aborted document discovery review meeting at the prison swiftly degenerated in a profanity laced scuffle over documents, and resulted in her being escorted back to her cell. (Id.)

This discovery dispute is set against the backdrop of Ball's complaint which alleges that the Plaintiff, a state inmate, housed at the State Correctional Institution,

Muncy, was wrongfully denied feminine hygiene products by the Defendants from June 26 through June 29, 2011. (Doc. 1) On March 12, 2012, we addressed a discovery dispute in this case, denying Ball's motion to compel production of wide-ranging material, including all prison records relating to the Plaintiff, without regard to whether records are logically, legally, topically or temporally related to the issues in this lawsuit; records pertaining to incidents spanning a two year period from June of 2009 through June of 2011; and the complete work histories of the Defendants. (Doc. 72)  Instead, we directed the Defendants to make limited, and more appropriately tailored, discovery disclosures to Ball. (Id.)

According to Ball's latest motion to compel, on April 2, 2012, she was brought to a prison office to review this discovery. Ball's motion indicates that her meeting quickly became acrimonious, acrimony which she attributes exclusively to correctional staff at the meeting, including staff who have been named as Defendants in the various actions brought by Ball. Because Ball was displeased by the attitude displayed by correctional staff, she now seeks relief in the form of an order directing that she be brought before the Court, so she can inspect documents at her leisure in the Court's presence. For the reasons set forth below, the motion will be denied, in part, and granted, in part, as follows:

## II. <u>Discussion</u>

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1)

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999)

> (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

Exercising this broad discretion, we will decline Ball's request that we schedule and conduct her discovery document review in the Court's presence. Our participation in this routine discovery process is wholly unnecessary because we believe that the Court's prior discovery orders properly and clearly set the scope of discovery. In that regard, we note for Ball, that our March 12, 2012, and March 30, 2012, orders (Docs. 72 and 77), actually denied her first motion to compel. (Doc. 44) Therefore, she is not entitled to the far-reaching discovery which she sought in that initial motion to compel. Ball also is not yet entitled to the broad discovery she sought to compel in her second motion to compel, which she filed on March 8, 2012. (Doc. 69) The reason that Ball cannot expect to receive any additional discovery pursuant to this second motion to compel is simple: Ball has not yet complied with briefing schedules on this motion, and has in fact asked to have briefing delayed until May, 2012.

Since the scope of discovery is clearly defined here, we will not become the Plaintiff's personal discovery proctor in this case. However, we do note that the Plaintiff alleges that some of the named Defendants actually presided over the aborted April 2, discovery conference, which may in some measure account for what is described as a less than synergistic discovery session. We believe that it would be more prudent to have discovery overseen from the Defendants' perspective by someone who has not been named as a Defendant in this case, and would therefore instruct the Defendants to make arrangements for a non-party discovery proctor in the future if the Defendants elect to conduct a document review at the institution for Ball.[1] We would instruct the Defendants to notify the Court, no later than May 28, 2012, that they have been able to complete this process without further mishap.

### III. Conclusion

Accordingly, this 19th day of April 2012, it is ORDERED that the Plaintiff's motion to compel, (Doc. 84), is DENIED, in part, and, GRANTED in part, as follows:

---

[1]Depending upon the volume of these documents, Defendants may also wish to simply mail a full, bates-stamped set of records to Ball, an approach which limits to potential for combustible human exchanges. We leave the choice of method for disclosure of discovery to the discretion of defense counsel.

First, Ball's request that the Court personally supervise the Plaintiff's document review is DENIED, and any document review is confined solely to the discovery expressly approved by the Court.

Second, IT IS ORDERED that the Defendants shall make arrangements for a non-party discovery proctor in the future if the Defendants elect to conduct a document review at the institution for Ball.  Depending upon the volume of these documents, Defendants may in their discretion satisfy their discovery obligations by simply mailing a full, bates-stamped set of records to Ball.  The Defendants shall notify the Court, no later than **May 28, 2012**, that they have been able to complete this process.

          *S/Martin C. Carlson*
          Martin C. Carlson
          United States Magistrate Judge